495 So.2d 187 (1986)
In re ORDER AS TO SANCTIONS.
District Court of Appeal of Florida, Second District.
June 18, 1986.
There have come to the attention of the court various acts of misconduct by a small minority of the lawyers practicing before this court. It is an affront to the judicial process that any such misconduct occurs, and it would be a disservice to the vast majority of lawyers if the misconduct of a few were to go unnoticed.
This order is issued in recognition of Canon 3 B.(3), Code of Judicial Conduct, which provides, "A judge should take or initiate appropriate disciplinary measures against a judge or lawyer for unprofessional conduct of which the judge may become aware." "[I]t is appropriate that individual professional misconduct not be punished at the citizens' expense, by reversal and mistrial, but at the attorney's expense, by professional sanction." Bertolotti v. State, 476 So.2d 130, 133-34 (Fla. 1985).
Notice is hereby given that appropriate sanctions will be imposed upon an attorney who is guilty of wilfull misconduct before this court. See Winstead v. Adams, 363 So.2d 807 (Fla. 1st DCA 1978).
Examples of types of misconduct which may subject an attorney to sanctions are:
1. Filing spurious motions for the purpose of delay and/or harrassment of the opposition.
2. No brief filed.
3. Brief filed without record references or otherwise without compliance with appellate rules.
4. No brief filed with record references despite prior striking of brief by this court with leave to amend.
5. Misrepresentation to this court
a. of fact (e.g., why a brief was late), including misrepresentation by silence.
b. misrepresentation of law, including omission of directly adverse authority in violation of DR 7-106(B)(1), Code of Professional Responsibility.
6. Filing a frivolous appeal.
7. Failure to comply with an order of court.
Examples of types of sanctions which may be considered are:
1. Dismissal of appeal.
2. Order of Contempt.
3. Striking of brief.
4. Reprimand, public or private. A public reprimand may, in the court's discretion, be published in the Southern Reporter.
5. Assessment of costs and of fees of opposing counsel for time expended by reason of the misconduct.
6. Fine.
7. Warning that future misconduct will subject the attorney to contempt proceeding.
8. Notice to the attorney's clients of the misconduct.
9. Reference of the matter to the Florida Bar or to an appropriate grievance committee.
10. Direction to state attorney to initiate proceedings against the attorney in accordance with Integration Rule 11.14.
In particular cases a show cause order may be issued ordering that the attorney show cause in writing and thereafter at a hearing before this court why certain sanctions should not be imposed.
The name of each attorney against whom a sanction has been imposed will be recorded with the court and circulated to all judges of the court so that any repetition of misconduct may be noted and sanctions increased accordingly.
Attention is called to DR 1-103, Code of Professional Responsibility, which provides, "a lawyer possessing unprivileged knowledge of a clear violation of DR 1-102 should report such knowledge to a tribunal or other authority empowered to investigate or act upon such violation." Notice is hereby given that misconduct which calls for consideration by this court of the imposition of sanctions in accordance with this order is considered to be "conduct that is *188 prejudicial to the administration of justice" within the meaning of DR 1-102(A)(5).