609 So.2d 631 (1992)
In the Interest of C.G. and S.G., Children.
W.G., father, Appellant,
v.
STATE OF FLORIDA, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 92-00700.
District Court of Appeal of Florida, Second District.
September 2, 1992.
*632 John E. Swisher, St. Petersburg, for appellant.
Jerry M. Nelson, Sr. Atty. HRS, New Port Richey, for appellee.

ON MOTION FOR FURTHER EXTENSION OF TIME
ALTENBERND, Judge.
The appellant has filed a motion to further extend the time for the filing of his brief in this appeal from an order terminating parental rights. We grant a short extension, but take this opportunity to emphasize the need to expedite such appeals.
The trial court entered an order terminating parental rights on February 5, 1992. The appellant's court-appointed counsel, recognizing the need to expedite such matters, filed the notice of appeal immediately. Even if the clerk of circuit court had not expedited the preparation of the record and index, under Florida Rule of Appellate Procedure 9.200 the record was due in this case on April 15, 1992. The appellant's counsel represents that the record had not been furnished to him as of August 21, 1992. Thus, this appeal is four months behind schedule.
We emphasize that our file does not permit us to determine who is responsible for this delay. The official court reporter, Gregg R. Stone and Associates, requested an extension from this court to prepare a transcript "no later than May 1, 1992." Because the official court reporter requested no additional extensions, we assume that it either timely prepared and filed this transcript in the trial court, or that it failed to request an additional extension. We have no explanation in our file to explain why a record was not available by mid-May.
Even before the legislature mandated expedited appeals in parental termination cases, see section 39.473, Florida Statutes (1991), it was the policy of this court to expedite such appeals. In this case, the lives of two young children remain in limbo because one or more adults have not cared enough to perform the simple task of preparing a record on appeal.
We order the clerk of circuit court and the court reporter in this case to coordinate with one another so that a record is furnished to the appellant no later than September 9, 1992. The appellant's initial brief shall be filed and hand delivered to the appellee no later than September 22, 1992. The appellee's brief shall be filed no later than October 5, 1992. Any request for oral argument must be filed either with the initial brief or the answer brief. No further extensions will be granted except upon extraordinary grounds. This court will schedule the case for expedited resolution. If necessary, sanctions will be imposed to enforce this order.
We publish this order as notice that parental termination appeals should be expedited by all persons involved in the process. In the future, we will grant extensions in these cases only for extraordinary reasons and will impose sanctions, if necessary, to assure that these cases are expedited.
DANAHY, Acting C.J., and PATTERSON, J., concur.