ORDER IMPOSING SANCTIONS ON HEWITT E. SMITH, A MEMBER OF THE FLORIDA BAR
PER CURIAM.
Hewitt E. Smith, Esquire, was ordered to appear before this court at 9:30 a.m. on Wednesday, February 17, 1993, to show cause why sanctions should not be imposed for his failure to comply with this court’s order dated January 12, 1993. Although Mr. Smith admits receipt of the January 12 order, he did not appear and did not notify this court of any difficulty that might preclude his appearance. Upon inquiry by this court, it was learned that Mr. Smith was in trial in the federal court at the time of his scheduled hearing. Accordingly, this court rescheduled the hearing on the order to show cause for 4:30 p.m. on that same day. Mr. Smith appeared and subsequently filed a written response.
Upon consideration of the oral and written responses tendered by Mr. Smith, and *660 in light of the findings set forth below, this court has concluded that Hewitt E. Smith has not shown good cause for his actions in the matters before this court and that sanctions are appropriate under Florida Rule of Appellate Procedure 9.410 and In re Order as to Sanctions, 495 So.2d 187 (Fla. 2d DCA 1986).
FINDINGS
1. Hewitt E. Smith filed a notice of appeal on behalf of Charles Edward Bowden, a non-indigent defendant, on September 20, 1991, apparently appealing a sentence imposed on violation of probation.
2. The record on appeal in this case was not timely filed with this court. As of the entry of this order, no record has been filed with this court.
3. On December 23, 1991, Mr. Smith filed an initial brief. It failed to contain the necessary references to any record or transcript. See Fla.R.App.P. 9.210(b)(3). On March 3, 1992, he filed another initial brief also without record references. Our records do not indicate that either brief was served on the Attorney General.
4. On May 27, 1992, this court issued an order to Mr. Smith instructing him to inform this court of the status of the appeal within ten days. He did not timely respond to this order.
5. On July 2, 1992, Mr. Smith filed designations to the court reporter and a motion to compel the preparation of the record in this court, indicating that the originals had been filed in circuit court. This court has never received any order entered on the motion to compel.
6. On August 25, 1992, this court issued a second order to Mr. Smith instructing him to inform this court of the status of the appellate record within ten days. This order stated that the appeal could be dismissed if he did not comply with the order. No timely response was filed to this second order.
7. On September 29, 1992, Mr. Smith filed photocopies of another set of directions to clerk and designation to court reporter that indicate they were filed in the trial court. We note that these documents are the first papers received from Mr. Smith showing service on the Attorney General. These documents were filed without any motion or other document requesting an extension of time or explaining the status of the case or the reason for the one year delay in the preparation of the appellate record.
8. On November 5, 1992, this court issued an order to show cause to Mr. Smith, ordering him to appear at 9:30 a.m. on November 24, 1992, to show cause why sanctions should not be imposed for his failure to comply with this court’s order of August 25, 1992.
9. Mr. Smith did not timely appear for this hearing. He appeared approximately fifteen minutes late, explaining that he had experienced car problems. This court accepted his various explanations and did not impose sanctions. The court, however, entered an order on January 12, 1993, ordering Mr. Smith to cause the clerk of circuit court to file the record on appeal in this court within ten days of the order, and to file a proper brief within five days of the filing of the record.
10. Mr. Smith did not comply with the order of January 12, 1993, and sought no extension within which to comply. Accordingly, this court entered yet another order to show cause on February 3, 1993. That order and Mr. Smith’s responses to it provide the bases for the instant order imposing sanctions.
11. From Mr. Smith’s responses in open court and in-writing, it is apparent that his client is no longer incarcerated. It is probable that Mr. Bowden’s appeal is moot and has been for several months. Moreover, it appears probable that the trial court may have modified Mr. Bowden’s sentence in December 1991 to eliminate the concerns which prompted the appeal. Without a record and from the ambiguity of Mr. Smith’s responses, however, we can only state that these matters appear probable. Although Mr. Smith is apologetic, he provides no acceptable explanation why he was unable to fulfill the requirements of this court’s January 12 order.
*661 CONCLUSIONS
Many of Mr. Smith’s deficiencies in the handling of this appeal and in responding appropriately to our orders arise not only from willful disobedience, but also from a lack of experience, a failure to familiarize himself with the basic rules of appellate practice and an apparent belief that judicial orders calling for specific conduct or activity can be ignored or satisfied with something less than that which the order commands. Mr. Smith’s failure to comply with the order dated January 12, 1993, however, is a willful violation of a valid order. Although not a basis for these sanctions, we cannot ignore the fact that he undertook no effort to alert the court to the conflict between our order and his obligation to appear in a federal proceeding. This conduct could warrant an additional order to show cause which we elect not to pursue at this time.
SANCTIONS
It is ordered that:
1. Within ten days from the date of this order, Hewitt E. Smith will pay a fine of $250.00 to the clerk of this court and shall certify to this court in writing that the fine has been paid.
2. Hewitt E. Smith is hereby reprimanded for his conduct in this case. A copy of this order shall be sent to the Florida Bar Grievance Committee, Thirteenth Judicial Circuit, for whatever action, if any, the Florida Bar may deem appropriate.
3. This order shall be published in the Southern Reporter, 2d series, to inform the bar and the public of the penalties imposed by this court for the willful violation of its orders. See Stewart v. State, 491 So.2d 1233 (Fla. 2d DCA 1986); Moose v. State, 519 So.2d 61 (Fla. 2d DCA 1988); See also Patton v. State, Dep’t of HRS, Office of Child Support Enforcement, 597 So.2d 302 (Fla. 2d DCA 1991).
4. Hewitt E. Smith shall file a status report within ten days from the date of this order attaching a certified copy of any judgment or sentence subject to appeal in the above-styled proceeding, and explaining any modifications or changes in that order since the filing of the notice of appeal. He shall state whether this appeal has become moot, and if so, why it is moot. If Mr. Smith needs to retain the assistance of an experienced attorney to comply with this order, he shall be personally responsible for any financial obligation originating in such assistance and he shall not seek reimbursement from Mr. Bowden for the assistance.
5.Hewitt E. Smith shall make no appearance before this court in any matter until he first files adequate proof from the Florida Bar that he has earned a minimum of fifteen hours of continuing legal education credit in the area of appellate law after the date of this order and within two years of any future request to appear in this court.
DANAHY, A.C.J., and FRANK and ALTENBERND, JJ., concur.