ORDER IMPOSING SANCTIONS ON PHILIP LETO, III, A MEMBER OF THE FLORIDA BAR
PER CURIAM.
Philip Leto, III, Esquire, was ordered to appear before this court at 9:30 a.m. on Tuesday, February 16, 1993, to show cause why sanctions should not be imposed for his failure to comply with this court’s order dated February 2, 1993. Mr. Leto appeared at the scheduled time. Upon consideration of the response offered by Mr. Leto, and in light of the findings set forth below, this court has concluded that Philip Leto, III, has not shown good cause for his actions in the matters before this court and that sanctions consistent with Florida Rule of Appellate Procedure 9.410 and In re Order as to Sanctions, 495 So.2d 187 (Fla. 2d DCA 1986), are appropriate.
FINDINGS
1.This order arises from the appeal of a permanent placement plan in a juvenile proceeding. The appeal was filed by D.A. without the assistance of counsel in September 1990. Thereafter, this court ordered the trial court to appoint counsel to represent D.A. in the appeal. After several delays, the trial court on June 11, 1992, appointed Philip Leto III to represent D.A.
2. On July 16, 1992, this court entered an order requiring Mr. Leto to file a brief within 30 days.
3. Mr. Leto filed a timely motion for an extension of the time to file his brief, and this court extended the time for an additional 30 days.
4. On November 2, 1992, when no brief or motion had been filed with this court, an order was entered requiring the initial brief to be filed within 20 days. The order threatened to dismiss the appeal or impose other sanctions if a brief were not timely filed.
5. On November 20, 1992, D.A. filed her own motion to extend the time for filing the initial brief and also requested that Mr. Leto be removed as counsel. On December 4, 1992, this court granted a 45-day extension, but denied the motion to remove Mr. Leto. Instead, this court entered an order requiring him to appear on December 15, 1992, to show cause why sanctions should not be imposed for his failure to comply with this court’s order dated November 2, 1992.
6. Mr. Leto appeared before the court on December 15, 1992, and explained that he had experienced difficulties communicating with his client. He represented that he had a brief that was almost ready to file, but needed to review it with his client. His client was also in attendance at this session of court. Mr. Leto was orally instructed to meet with his client and to file a brief as soon as possible.
7. On January 20, 1993, when no brief had yet been filed, this court ordered the brief filed by January 27, 1993, and again threatened to dismiss the appeal.
8. On January 27, 1993, Mr. Leto filed a motion to extend the time for filing a brief, explaining that he had met with his client and that the client wished him to include matters within the brief that he believed to be inappropriate or irrelevant.
9. On February 2, 1993, this court entered an order directing Mr. Leto to file a brief on or before 5:00 P.M. February 5, 1993, and explained that he should use his best professional judgment as to the mat *664 ters of law and fact which could be presented to this court in good faith. To reduce Mr. Leto’s apparent difficulties with his client, the court took the unusual step of permitting Mr. Leto’s client to file a supplemental brief providing any additional information the client wished to present. This supplement was due on or before February 10, 1993.
10. Mr. Leto did not file a brief or any other document by February 5, 1993. His client did file a layperson’s version of an initial brief.
11. Because Mr. Leto had filed nothing with this court, a second show cause order was issued, requiring Mr. Leto to appear on February 16, 1993.
12. Mr. Leto appeared on Tuesday, February 16, 1993. He again claimed that he had difficulties with his client. He provided no reason, however, why he could not comply with this court’s February 2 order. Mr. Leto represented to the court that the appellant’s brief had been prepared and that all it needed was the deletion of matters insisted upon by his client that he regarded as inappropriate. Thus, he promised he could file a brief before the close of business on that day. The court deferred its decision concerning sanctions and instructed Mr. Leto to file a brief before the close of business on the succeeding day, February 17, 1993.
13. As of February 24, 1993, Mr. Leto had not filed a brief or other document with this court.
CONCLUSIONS
We conclude that many of Mr. Leto’s deficiencies in the handling of this appeal arose not only from willful disobedience, but from a lack of experience and a failure to comprehend the rules of appellate practice. Mr. Leto’s failure to comply with the order dated February 2, 1993, is a willful violation of a valid order. He has provided no adequate explanation for his noncompliance. His assurances in open court that a brief would be filed by February 17, 1993, coupled with the failure to file either that brief or any other document by February 24, 1993, merely underscore the willfulness of the earlier misconduct.
SANCTIONS
It is ordered that:
1. Within ten days from the date of this order, Philip Leto, III, shall pay a fine of $250.00 to the clerk of this court and shall certify to this court in writing that said fine has been paid.
2. Philip Leto, III, is hereby reprimanded for his conduct in this case. A copy of this order shall be sent to the Florida Bar Grievance Committee, Thirteenth Judicial Circuit, for whatever action, if any, the Florida Bar deems appropriate.
3. This order shall be published in the Southern Reporter, 2d series, to inform the bar and the public of the penalties imposed by this court for the willful violations of its orders. See Stewart v. State, 491 So.2d 1233 (Fla. 2d DCA 1986); Moose v. State, 519 So.2d 61 (Fla. 2d DCA 1988); See also Patton v. State, Dept. of HRS, Office of Child Support Enforcement, 597 So.2d 302 (Fla. 2d DCA 1991).
4. Philip Leto, III, is removed from any further representation of the appellant in the instant proceeding and jurisdiction is relinquished to the circuit court for a period of twenty days for the appointment of an attorney to represent the appellant and process this appeal on an expedited basis.
5. Philip Leto, III, shall accept no compensation for his services as appellate counsel in this case, and shall refund any sums received as payment for such services from any source. Within ten days of this order, he shall certify in writing to this court that he has complied with the foregoing aspects of this order.
6. Philip Leto, III, shall make no appearance before this court in any appellate matter until he first files adequate proof from the Florida Bar that he has earned a minimum of fifteen hours of continuing legal education credit in the area of appellate law after the date of this order and *665 within two years of any future request to appear in this court.
DANAHY, A.C.J., and FRANK and ALTENBERND, JJ., concur.