BY ORDER OF THE COURT:
The present stage of the above-styled proceeding involves the single question of whether the conduct of Elizabeth Hapner, Esquire, counsel for P.P. and F.P., warrants the court’s exercise of its authority and power, prescribed in rule 9.410 of the Florida Rules of Appellate Procedure, to impose a sanction upon her. The events and matters leading to the instant order are described in orders dated October 18,1996 and November 8, 1996. A copy of each of the foregoing orders is appended hereto and incorporated herein by reference as, respectively, Exhibits A and B.
In response to the November 8, 1996 order, Elizabeth Hapner appeared on Wednesday, November 13, 1996, before a panel of this court for the purpose of showing cause why a sanction should not be imposed upon her for her failure to comply with the representation expressed at a hearing conducted on November 6, 1996, that the initial brief would be filed with the court in the above-styled matter on November 7,1996.
At the moment when this matter was heard and considered by the court on November 13, 1996, Elizabeth Hapner had failed to file the initial brief on behalf of P.P. and F.P.
Based upon the foregoing and after giving full and careful consideration to every aspect of this matter, the court finds and concludes that Elizabeth Hapner’s explanation and statements in defense of an apparent dereliction in the fulfillment of her professional obligations fail to exonerate her from the liability of a sanction. Accordingly, Elizabeth Hapner, Florida Bar No. 322849, is ordered and directed to pay a sanction of One Thousand Dollars ($1,000.00) into the Registry of the court within ten days from the date of this order.
EXHIBIT A
In the Second District Court of Appeal, Lakeland, Florida
October 18, 1996
Patricia Pugh and Ferris Pugh, Petitioners, v. Dept, of Health and Rehabilitative Services, Respondent.
Case No. 95-01476
BY ORDER OF THE COURT:

*1099
ORDER

This court has before it an appeal of an order terminating parental rights which was entered on November 4, 1994. Counsel for the appellants, Elizabeth Hapner, was appointed by the trial court on March 25, 1996. Ms. Hapner’s motion for extension of time to file the initial brief was granted on July 23, 1996. The order directed Ms. Hapner to obtain a copy of the record from the circuit court clerk within 10 days and to file the initial brief within 40 days of the date of the order. On September 26, 1996, this court ordered Ms. Hapner to show cause within 10 days why sanctions should not be imposed for failure to comply with the July 23, 1996 order. As of the date of this order Ms. Hapner has not responded to the court’s order and has failed to file the initial brief on behalf of her clients.
Accordingly, it is ordered that Elizabeth Hapner, Esq. shall appear before this court at the Tampa Branch, 801 Twiggs Street, Sixth Floor, Tampa, Florida on Wednesday, November 6,1996, at 9:25 a.m. to show cause why she should not be subject to sanctions for her failure to comply with this court’s orders of July 23, 1996, and September 26, 1996. See In re Order as to Sanctions, 495 So.2d 187 (Fla. 2d DCA 1986).

ORDER

On November 6,1996, this court conducted a hearing on an Order to Show Cause directing that counsel for the appellants, Elizabeth Hapner, appear before this court and show cause why she should not be subject to sanctions for her failure to timely file the initial brief in this case which was due in this court on September 3, 1996. Ms. Hapner appeared for the hearing and represented to this court that the initial brief would be filed in this court on November 7,1996.
Ms. Hapner has failed to file the initial brief as of 11:20 a.m., November 8, 1996. Accordingly, it is ordered that Elizabeth Hapner, Esq. shall appear before this court at the Tampa Branch, 801 Twiggs Street, Sixth Floor, Tampa, Florida on Wednesday, November 13, 1996, at 9:25 a.m. to show cause why she should not be subject to sanctions for her failure to file the initial brief as she represented in open court at the Show Cause Hearing. See In re Order as to Sanctions, 495 So.2d 187 (Fla. 2d DCA 1986).
APPENDIX B
In the Second District Court of Appeal, Lakeland, Florida
November 8, 1996
In the Interest of D.P., a Child.
P.P. and F.P., Appellants, v. State of Florida, Dept, of Health and Rehabilitative Services, Appellee.
Case No. 95-01476
BY ORDER OF THE COURT: