ORDER IMPOSING SANCTIONS ON SHEILA D. TURNER, A MEMBER OF THE FLORIDA BAR
PER CURIAM.
By an order entered on October 14, 1997, this court ordered Sheila D. Turner to appear at 9:30 a.m. on Wednesday, October 29, 1997, to show cause why sanctions should not be imposed for her failure to comply with this court’s orders dated July 16, 1997, and September 11, 1997. Ms. Turner failed to appear at the appointed time; counsel for the Department of Children and Families was present. Subsequently, Ms. Turner was contacted and represented that she did not receive this court’s order dated October 14, 1997.[1] This court rescheduled the hearing on the order to show cause for 10:30 a.m. on Thursday, October 30,1997. Ms. Turner and counsel for the Department appeared at the appointed time.
Upon consideration of the statements made in open court by Sheila D. Turner and in light of the findings set forth below, this court has concluded that Sheila D. Turner has not shown good cause for her actions in the matters before this court and that sanctions are appropriate under Florida Rule of Appellate Procedure 9.410 and In re Order as to Sanctions, 495 So.2d 187 (Fla. 2d DCA 1986).

FINDINGS

1. S.AT. filed a pro se notice of appeal from an order terminating her parental rights to her children. The termination order was rendered on December 31, 1996.
2. Sheila D. Turner was appointed as counsel for the appellant by the trial court on January 30,1997. Ms. Turner informed this court that the trial judge did not select her name from a pro bono appointment list, but that she actively sought appellate appointment from the trial court with the assistance of trial counsel.
3. The initial brief should have been filed in this court on April 7,1997.
4. On April 23, 1997, the Department of Children and Families filed a motion to dismiss the appeal based on the allegation that counsel was not actively pursuing the appeal. Further, the Department noted that the appellant’s three oldest children were first placed in the temporary custody of the State in 1991. The youngest child has been in state custody since her birth in 1993. These children are currently awaiting adoption.
5. The motion to dismiss was denied in an order dated May 16, 1997, and Ms. Turner was ordered to file her initial brief within thirty days.
6. The clerk filed the record on appeal with this court on June 3,1997.
7. The Department filed a second motion to dismiss on June 19, 1997. In response, Ms. Turner filed an Emergency Motion for Extension of Time explaining that she needed additional time to ensure the record was complete with all necessary transcriptions.
8. On July 16,1997, this court granted an extension of time for forty-five days to Ms. Turner. Ms. Turner has admitted that she did receive the order of July 16,1997.
9. When it was determined that no brief had been filed, this court entered an order on September 11, 1997, directing Ms. Turner to show cause within ten days why sanctions should not be imposed for failure to comply with the July 16, 1997, order. Ms. Turner has admitted that she did receive the order of September 11, 1997, and has no explanation why she failed to respond to the order in any manner.
10. On October 14, 1997, this court entered an order directing Ms. Turner to appear before this court on October 29,1997, to show cause why she should not be subject to sanctions for her failure to comply with this *548 court’s orders of July 16, 1997, and September 11,1997.
11. Ms. Turner appeared for the rescheduled show cause hearing at 10:30 a.m., October 30,1997.
12. At the show cause hearing, Ms. Turner represented that she never has been able to locate the court reporter in order to designate properly the transcript of the termination hearing. The designations to the court reporter should have been filed in early February 1997. She asserted that she had contacted the offices of the official court reporter, Robert Dempster and Associates, on several occasions and had been led to believe that their office had not been present at the hearing in question.
13. Ms. Turner did not contact the Department to request assistance in locating the court reporter.
14. Counsel for the Department became aware of Ms. Turner’s alleged problems concerning the identity of the court reporter at the show cause hearing. On the day of the show cause hearing, the counsel for the Department investigated and determined that Ann Balistierri, a reporter with Robert Dempster and Associates, was the court reporter present at the termination hearing. Counsel for the Department has now informed Ms. Turner of the name and telephone number of that court reporter.

CONCLUSIONS

Expedited appeals are mandated in parental termination cases pursuant to section 39.473(1), Florida Statutes (1995), Florida Rule of Appellate Procedure 9.146(g), and In Interest of C.G., 609 So.2d 631, 632 (Fla. 2d DCA 1992). Ms. Turner’s explanations to this court concerning the reasons this appeal has been delayed are not acceptable. Ms. Turner has willfully disobeyed the orders of this court. As a result of her actions, this appeal, which should have been expedited, has been delayed. Ms. Turner does not appear to appreciate the depth of responsibility that has been placed upon her in representing an appellant in a parental termination case. Not only has she failed to comply with the orders of this court, or even to respond to such orders, she did not attempt to move this appeal forward by filing any motions seeking the assistance of this court to perfect the record.

SANCTIONS

It is ordered that:
1. Within thirty days from the date of this order Sheila D. Turner, Esquire, shall pay a fine to the clerk of this court in the amount of five hundred dollars ($500.00).
2. Sheila D. Turner, Esquire, shall not accept an appointment by a circuit court to represent any indigent party in any appellate proceeding in this court for a period of one year from the date of this order.
3. Sheila D. Turner, Esquire, is not relieved of the duty to promptly and properly handle all pending cases to which she is currently appointed.
4. As directed by this court at the show cause hearing, Sheila D. Turner, Esquire, shall ensure that the transcripts needed to perfect the record on appeal in this matter are filed with this court by December 1,1997. Further, the initial brief shall be filed with the clerk of this court in Lakeland, Florida, on December 1, 1997. If Sheila D. Turner, Esquire, fails to comply with this order, additional sanctions shall be considered.
PATTERSON, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.

. This court served its order by certified mail. The post office returned the order unclaimed, even though the envelope is properly addressed to Ms. Turner’s post office box.