*611 ON MOTION TO COMPEL DESIGNATION OF TRANSCRIPT
PER CURIAM.
The Guardian Ad Litem involved in this case has filed a Motion to Compel Designation of Transcript. This matter arises in this termination of parental rights appeal, but similar problems affect the efficient expedition of all termination of parental rights and dependency appeals, the reason for which we write this opinion.
In this case, without having filed the necessary directions and designations required by Florida Rule of Appellate Procedure 9.200, appointed trial counsel filed the notice of appeal and then filed a motion to withdraw in the trial court on the same day. An order granting withdrawal followed and appellate counsel was appointed.[1] It was not until the Appellee served a motion to compel Appellant to file a designation for the transcript, that appellate counsel learned of this deficiency. The motion was served on Appellant’s counsel, forty-five (45) days after the notice of appeal was filed.
Unfortunately, due to the expedited nature of this and all appeals involving children, appellate counsel is left holding the bag and we have ordered him to file the necessary directions and designations, so as not to further delay the disposition of this case. In addition, because of the order allowing withdrawal of trial counsel, appointed appellate counsel is the only counsel currently of record in this appeal. We hope that this opinion will stop this type of problem from arising.
Florida Rule of Appellate Procedure 9.146(g) requires expedited review of all appeal proceedings in juvenile dependency, termination of parental rights cases and cases involving families and children in need of services. Pursuant to Florida Rule of Appellate Procedure 9.200(a)(3), in all appeals, not just those dealing with children, the attorney who files the notice of appeal is required to file any directions to the clerk and designations to the court reporter, within 10 days of the notice of appeal. The delay in processing this appeal and others like it is caused by the trial court’s premature order allowing trial counsel to withdraw from the appeal before fulfilling his or her duties under the rule. It is imperative that trial courts recognize trial counsel’s pre-withdrawal duties, particularly in time sensitive termination of parental rights cases and dependency cases, to file the notice of appeal, the directions with the clerk and the designations with the court reporter. The trial court is not free to release counsel until these functions are completed.[2] The trial court’s adherence to this requirement is essential to expediting these appeals. See also, In Interest of M.M., 708 So.2d 990 (Fla. 2d DCA 1998).
Some additional guidelines for the trial court to follow, to further secure the expediting of these cases, have been adopted by Second District Court, set forth in its case of In Interest of P.G., 944 So.2d 443 (Fla. *612 2d DCA 2006). We feel that these guidelines will prove very helpful.
First, upon appointing an attorney to represent a parent on appeal, in either a dependency or termination of parental rights case, the trial court should forward a copy of that order to this court. Second, to insure that this court is apprised of the withdrawal of counsel, trial counsel shall submit a copy of the order, along with the order appointing appellate counsel. Absent receipt of these copies, this court will assume that the attorney who filed the notice of appeal remains attorney of record on appeal until appointed counsel files their notice of appearance. Third, appointed counsel on appeal should promptly file their notice of appearance in this court to demonstrate that they are aware of their appointment. These measures will assist this court in expediting these appeals.
The Guardian Ad Litem’s Motion to Compel Appellant to file designations for transcription of the proceedings below is granted. Counsel for the Appellant has been ordered to comply.
PLEUS, C.J., SAWAYA, ORFINGER, JJ., concur.

. Appellate counsel in this case filed an appearance on Feb. 14, 2007, 12 days after notice of appeal. However, it is not uncommon for appointed appellate counsel to receive their appointment order a significant time after the order actually issues. This can create a remarkable delay in the expedition of these cases if trial counsel does not comply with the requirement that they file the directions and designations before withdrawal.

. The trial court may want to require the attachment of a copy of the directions to the clerk and designations to the court reporter, to counsel’s motion to withdraw, before such motion is granted.