BENTON, Judge.
We find unpersuasive appellants’ contentions that they are not responsible for workers’ compensation benefits, including medical benefits payable on account of the serious brain injury Charles Blanton suffered when a branch hit him in the head while he was clearing their lot.
We write chiefly to point out that the definition of casual employment in the Workers’ Compensation Law contains a monetary limit that inflation has rendered incongruous. At the same time, it is clear that the judge of compensation claims properly exercised jurisdiction in the present case, where Mr. Blan-ton’s wages exceeded the one-hundred dollar statutory limit. § 440.02(4), Fla. Stat. (1997). We affirm the order under review.
Together with Ardis E. Summers, Carl D. Summers owned unimproved property in Vo-lusia County. After a “for sale” sign had been placed on the property, Mr. and Mrs. Summers hired Mr. Blanton and another man to clean up the property and to clear part of it. Although this work constituted construction within the meaning of section 440.02(7) and (15)(b)2, Florida Statutes (1997), neither Mr. Summers’s nor Mrs. Summers’s trade, business, profession, or occupation entailed land clearing. Mr. Blanton would not, therefore — but for the amount of the “labor cost” of the work — have been an employee for workers’ compensation purposes. Section 440.02(13)(d), Florida Statutes (1997), provides that an “[ejmployee does not include:_ 5. A person whose employment is both casual and not in the course of the trade, business, profession, or occupation of the employer.”
The dispositive limitation on the amount of wages or “labor cost” occurs along with a temporal limitation in the statutory definition of “casual,” which section 440.02(4), Florida Statutes (1997), defines, as follows:
“Casual” as used in this section shall be taken to refer only to employments when the work contemplated is to be completed in not exceeding 10 working days, without regard to the number of persons employed, and when the total labor cost of such work is less than $100.
This provision was originally enacted more than sixty years ago, chapter 17481, section 2, Laws of Florida (1935), when one hundred dollars no doubt greatly exceeded the wages many could expect for two weeks’ casual employment.
Just since 1959, the average weekly wage in Florida has increased more than tenfold from $42 to $479. See Florida Workers’ Compensation Institute, 1997 Workers’ Compensation Reference Manual 649. At the current rate, the “total labor cost” for ten working days is more than nine times the one-hundred-dollar statutory limit. Looked at another way, work done by a single worker paid at today’s average weekly wage rate cannot qualify as casual employment under the Workers’ Compensation Law if the job lasts as long as nine hours. The Legislature may wish to address this anachronism.
Affirmed.
BOOTH and VAN NORTWICK, JJ., concur.