PER CURIAM.
This appeal arises from a workers’ compensation proceeding for a work-related accident in which the claimant, Charles Blanton, sustained a brain injury. Although the Judge of Compensation Claims ruled in February of 1997 that the injury was compensable, his employers had not paid any of the substantial award as of the time they filed this appeal. We have affirmed the order without opinion, and we now write to address our decision to impose sanctions against the appellants’ attorney for his violation of the appellate rules.
On May 3, 1995, Mr. Blanton was injured while clearing a wooded lot for his employers, Carl and Ardis Summers. He was operating a large front-end loader when a branch struck him in the head, causing a severe brain injury. He underwent an emergency right central cranioto-my on July 22, 1995, to remove a subdural hematoma resulting from the injury. His neurosurgeon subsequently determined that the hematoma was chronic with brain shift.
The claimant petitioned for workers’ compensation benefits in 1996, and the Judge of Compensation Claims ruled in February of 1997 that the accident was both work-related and compensable. The employers appealed the compensability order, which this Court affirmed in July of 1998. See Summers v. Blanton, 712 So.2d 411 (Fla. 1st DCA 1998).
Subsequently, a final hearing was set for November 16, 1998, to determine the amount of benefits, penalties and attorney’s fees due. This hearing was continued and rescheduled numerous times between November of 1998 and March of 2000. Attempts at mediation were likewise rescheduled a number of times between late 1998 and mid-1999. Virtually all of these continuances were at the request of the employers’ attorney, Stanley Rosenberg, who took over the case in late February of 1999, after the employers’ original attorney withdrew.
Mr. Rosenberg began an extensive pattern of last-minute dilatory tactics and abuse of procedure in this case soon after he began representing the employers in early 1999. The delay tools Mr. Rosenberg employed included a motion to continue the mediation and final hearing, filed on March 15, 1999, the day before the mediation was scheduled to occur; filing for Chapter 13 bankruptcy on behalf of the employers — and thereby automatically staying the workers’ compensation proceedings — less than 90 minutes before the mediation was scheduled to begin on March 16, 1999; a motion for continuance filed on September 8, 1999, the day before a scheduled status conference; a motion to continue the final hearing scheduled for November 12, 1999, filed on November 7, 1999; a phone call by Mr. Summers to the judge’s office less than one hour before the final hearing was set to begin on November 12, 1999, advising that Mr. Rosenberg was at the emergency room of a local hospital; a motion for continuance filed on January 26, 2000, two days before the rescheduled final hearing was set to occur (motion denied); and a phone call from Mr. Summers to the judge just before 5:00 pm on January 27th, the day before the final hearing was scheduled to be held, advising that Mr. Rosenberg was again in the hospital. The last phone call resulted in a continuance to March 6, 2000.
In addition, Mr. Rosenberg could not be reached by telephone to discuss scheduling *1110 matters. The judge attempted to contact him by phone to schedule a conference on the case eight separate times between September 8 and October 8, 1999. Each attempt was met with an answering machine. Although the judge left a message each time, Mr. Rosenberg never returned any of the judge’s eight calls. Nor did he respond to a letter the judge wrote to him, advising him of the numerous unsuccessful attempts to reach him by phone and asking that he contact the judge’s office upon receipt of the letter to schedule a telephone conference.
Following the judge’s unsuccessful attempts to reach him, Mr. Rosenberg filed yet another motion for continuance. The judge again attempted to reach him by telephone to schedule the motion for hearing. Once again, however, the calls were met with an answering machine, and Mr. Rosenberg never returned any of the judge’s calls. Therefore, the motion was never heard.
The judge ultimately entered an order on February 14, 2000, rescheduling the final hearing for March 6, 2000. The order expressly and categorically precluded any further continuances for any reason whatsoever. Despite the judge’s warnings, on the day the final hearing was scheduled to begin Mr. Summers faxed a letter to the judge stating that the judge knew that Mr. Rosenberg would be unavailable on March 6th, that he was presently “on the Pacific Coast,” and that neither Mr. Summers nor Mr. Rosenberg would attend the hearing that day. In keeping with his previous order, the judge went forward with the final hearing as scheduled, in the absence of either the employers or Mr. Rosenberg.
Thereafter, Mr. Rosenberg filed a motion to disqualify the judge. This motion was denied, and Mr. Rosenberg immediately responded to the denial by filing a petition for writ of prohibition in this court. We denied the petition on December 11, 2000. However, Mr. Rosenberg’s petition effectively delayed the entry of a final compensation order in the ease until early 2001, almost eleven months after the final hearing was held.
Once we returned jurisdiction to the lower tribunal, the judge entered a final compensation order on January 30, 2001. The order directed the employers to authorize treatment of the claimant’s chronic subdural hematoma and ongoing symptoms and to pay the claimant’s past medical expenses, temporary total disability, permanent total disability, and impairment income benefits totaling $50,871.92; interest in the amount of $6,012.36; penalties of $2,234.35; and attorney’s fees and taxable costs in the amount of $3,556.12. This order is the subject of the present appeal.
As with the lower tribunal, this court has been exceedingly patient with Mr. Rosenberg in granting extensions of time. After filing the notice of appeal, Mr. Rosenberg filed four motions for extension of time to file the initial brief. His first motion, on October 25, 2001, requested a 60-day extension of time to file the initial brief. We issued an order granting him 30 days’ extension and advising that no further extensions of time would be granted except in the case of emergency.
On December 13, 2001, Mr. Rosenberg filed an “emergency” motion for a 60-day extension of time to file the initial brief. We granted the motion in part via an order extending the time for service to January 22, 2002. As before, this order stated that no further extensions would be granted except in case of emergency.
Then, on January 25, 2002, Mr. Rosenberg filed another emergency motion for extension of time, requesting until February 16, 2002, to file the initial brief. By *1111 order entered on February 13, 2002, we extended the time to serve the initial brief by 5 days from the date of the order and advised that no further extensions would be granted.
After the claimant filed several motions to dismiss the appeal, Mr. Rosenberg filed a response on March 4, 2002, seeking to deny the motion and to accept his as yet unfiled initial brief as timely. We issued an order on March 7, 2002, requiring the appellants to file the initial brief no later than 5:00 pm on March 13, 2002. The order stated, “If the Initial Brief is not filed by that time, the clerk of this court shall issue an order dismissing the appeal without further notice to the Appellants.”
A first version of the initial brief was filed on March 13, 2002, but it did not comply with the appellate rules. We issued an order on March 27, 2002 directing the appellants to show cause within 10 days why the initial brief should not be stricken. Then, on April 15, 2002, Mr. Rosenberg filed an emergency motion for extension of time requesting until April 22, 2002 to file an amended initial brief. He subsequently filed an amended initial brief on May 2nd, but it, too, failed to conform to the appellate rules. Accordingly, we issued an order on May 6, 2002, giving appellants 10 days to serve a second amended brief.
By order entered May 21, 2002, we struck the first amended initial brief and advised that “no further extension of time for filing the Initial Brief shall be granted absent a showing of extreme emergency.” The appellants finally submitted a brief that complied with the appellate rules. Their second amended initial brief (captioned “Third Initial Brief’) was filed on June 5, 2002, nearly a year and a half after the final order of compensation was entered below.
As the foregoing history of the instant case demonstrates, Mr. Rosenberg has engaged in an egregious pattern of dilatory tactics to delay resolution of this claim almost since his first day as the appellants’ counsel in 1999. The Judge of Compensation Claims determined compensability six years ago, and Mr. Rosenberg took over the appellants’ case four years ago. But the claimant has yet to see a penny of the over $62,000 in benefits, interest, penalties and attorneys’ fees the judge awarded him. It has been eight years since the claimant sustained his work-related head injury and attendant permanent brain damage. He is now approximately 70 years old and has been sued by Halifax Hospital for nonpayment of the bill for his 1995 craniotomy, which cost more than $21,000, and which the employers have been ordered to pay. Moreover, the claimant’s attorneys have been working on this case for eight years, evidently without yet being paid for their work, a large part of which consisted of responding to Mr. Rosenberg’s ongoing delay tactics.
This court has authority under rule 9.140, Florida Rules of Appellate Procedure to impose sanctions against an attorney for violation of the appellate rules or for the filing of a frivolous appeal. The rule provides that sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorney’s fees or such other sanctions as the court deems appropriate. We issued an order to show cause why sanctions should not be imposed and Mr. Rosenberg has responded to the order.
We conclude that Mr. Rosenberg’s pattern of last-minute delays at the appellate level is particularly deserving of sanctions, because it came at the end of a four-year span of dilatory tactics resulting in prolonged nonpayment of benefits to the elderly and seriously injured claimant. Dur *1112 ing the pendency of this appeal, Mr. Rosenberg has filed four motions for extension to time, and he ultimately did not file the initial brief until approximately a year and a half after the notice of appeal was filed. Given his protracted pattern of last-minute delays in the lower tribunal, which were based on very dubious grounds, an additional year and a half of delays in this court, during which the injured claimant remains unpaid, is unacceptable.
Moreover, Mr. Rosenberg knew or should have known when he filed this appeal that it lacked any merit, as it was based on the argument that the judge erred in holding the final hearing and ruling on the case in his absence. After exhausting the judge’s patience with multiple last-minute motions for continuance based on very flimsy (and recycled) grounds; having his client twice contact the judge at the last minute to announce that he would not attend a scheduled hearing; making himself completely inaccessible by telephone; and failing to respond to letters and numerous phone messages from the judge, Mr. Rosenberg must draw on a deep well of hubris to file an appeal to this court claiming that the judge should have continued the case a sixth time.
We can reach no other conclusion than that the present appeal was filed in bad faith, to further delay payment of any benefits to the claimant. Such tactics are not only unprofessional and reflect poorly on the legal community at large, they are patently unfair to the claimant, who has been waiting since 1996 to receive the money from the employers to which he has been held entitled.
The claimant’s motion for appellate attorney’s fees is granted. We order Mr. Rosenberg to pay the claimant’s attorney’s fees for this appeal from his own funds. He is not to charge the employers for this expense. It is our hope in imposing this sanction that Mr. Rosenberg will, in the future, abandon his unprofessional and unethical practice of delaying resolution of workers’ compensation cases without good cause, to the detriment of innocent claimants and to the vexation of the courts. This case is remanded to the Judge of Compensation Claims for a determination of the amount of appellate attorney’s fees. Furthermore, we direct the clerk of this court to forward a copy of this opinion to the Florida Bar.
Remanded.
WEBSTER, PADOVANO and HAWKES, JJ., CONCUR.